IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODERICK NIKITA HENDERSON, TDCJ #1071240, | § § § | |
| Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. H-18-1209 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § § | |
| Respondent. | § | |

## **MEMORANDUM OPINION AND ORDER**

State inmate Roderick Nikita Henderson (TDCJ #1071240) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), challenging a state court conviction that was entered against him in 2001. After reviewing the pleadings in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court will dismiss this case for the reasons explained below.

## I. **Background**

On November 8, 2001, Henderson was convicted of sexual assault of a child in Harris County Cause Number 855649.[1] A jury in the 174th District Court of Harris County, Texas, sentenced Henderson to serve 50 years in prison in that case.[2] The conviction was

---

[1]Petition, Docket Entry No. 1, pp. 2, 3.

[2]Id. at 2.

summarily affirmed on direct appeal in an unpublished opinion. See Henderson v. State, No. 01-01-01159-CR, 2002 WL 31721751 (Tex. App. – Houston [1st Dist.] Dec. 5, 2002). Because Henderson did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals, his conviction became final thirty days later on January 4, 2003.

On April 4, 2018, Henderson executed the pending Petition, seeking federal habeas corpus relief from his sexual assault conviction under 28 U.S.C. § 2254.[3] Henderson contends that he is entitled to relief for the following reasons: (1) he was denied procedural due process because his attorney failed to consult with him about the case; (2) his attorney behaved unprofessionally by getting "in the Petitioner['s] face" during a court setting; and (3) his attorney did not challenge the credibility of the accuser or obtain a DNA test that might have proven Henderson's innocence.[4]

## II. **Discussion**

The Petition must be dismissed because it is plainly barred by the governing one-year statute of limitations on federal habeas corpus review. According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28

---

[3] Id. at 10.

[4] Id. at 6-7.

U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because the pending Petition was filed well after April 24, 1996, the one-year limitations period clearly applies. See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citation omitted).

To the extent that Henderson challenges a state court judgment of conviction, the limitations period began to run pursuant to § 2244(d)(1)(A) on January 4, 2003, when his conviction became final upon the expiration of his time to pursue direct review. See Gonzalez v. Thaler, 132 S. Ct. 641, 644, 647 (2012) (noting that where Supreme Court review is not sought a conviction becomes final

-3-

"when the time for seeking further direct review in the state court expires"). That date triggered the statute of limitations, which expired one year later on January 4, 2004. Henderson's pending Petition, which was not executed until April 4, 2018, is more than 14 years late. Therefore, review is barred by the statute of limitations unless a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review. Henderson discloses that he filed a motion for a "nunc pro tunc judgment" with the trial court in 2014, and a state habeas corpus application in 2016, to challenge his conviction.[5] Neither of these applications for state collateral review extend the statute of limitations under § 2244(d)(2) because they were filed after the limitations period expired on January 4, 2004. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Henderson does not allege facts showing that he was precluded from filing a timely federal habeas corpus petition as the result of state action and none of his claims rely upon a constitutional

---

[5]Petition, Docket Entry No. 1, p. 4. Public records from the Harris County District Clerk's Office confirm that Henderson filed one post-conviction writ application on May 27, 2016, and another on December 5, 2016. See Office of the Harris County District Clerk, available at: http://www.hcdistrictclerk.com (last visited April 26, 2018). The Texas Court of Criminal Appeals denied those applications on November 7, 2016, and February 22, 2018, respectively. See Texas Judicial Branch, available at: http://search.txcourts.gov (last visited April 26, 2018).

-4-

right that has been newly recognized by the Supreme Court that has been made retroactive to cases on collateral review. Therefore, the tolling provisions found in 28 U.S.C. § 2244(d)(1)(B)-(C) do not apply. Likewise, none of Henderson's proposed claims implicate a factual predicate that could not have been discovered previously through the exercise of due diligence, which means that he is not entitled to tolling under § 2244(d)(1)(D). Henderson provides no explanation for his delay and he has not established that tolling is warranted for any other statutory or equitable reason. Accordingly, the Petition must be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

### III. **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Roderick Nikita Henderson (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 26th day of April, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE